## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

**EUGENE HUDSON, Jr.**
**12723 Parkton Street**
**Fort Washington, MD   20744**

        **Civil Action No.:** _____

    **and**

**DANA DUGGINS**
**1645 Alvord Place**
**Red Bluff, CA 96080**

      **Plaintiffs**

    **v.**

**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES**
**80 F Street N.W.**
**Washington, DC 20001**

      **Defendant**

### COMPLAINT

Plaintiffs Eugene Hudson, Jr., and Dana Duggins, by and through their undersigned counsel, file this Complaint alleging that the American Federation of Government Employees violated rights protected by the Labor-Management Reporting and Disclosure Act by refusing to allow them access to AFGE's email system for campaign purposes.

### PARTIES

1.    Plaintiff Eugene Hudson, Jr., is a member in good standing of the American Federation of Government Employees ("AFGE").  Mr. Hudson resides at 12723 Parkton Street, Fort Washington, MD   20744.

2.      Plaintiff Dana Duggins is a member in good standing of AFGE, She resides at 1645 Alvord Place, Red Bluff, CA 96080.  Ms. Duggins is Executive Vice President of AFGE Council 220.

3.      Defendant American Federation of Government Employees ("AFGE") is a labor organization within the meaning of 29 U.S.C. §402(i)  AFGE maintains its principal office at 80 F Street N.W., Washington, DC 20001.  AFGE is a national labor organization with approximately 1034 affiliated Local Unions.

4.      At all material times, David Borer has served as AFGE's General Counsel and head of the Office of the General Counsel ("OGC").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §481(c).

6.      This Court has venue over this matter pursuant to 28 U.S.C. §1391(b)(1) and 29 U.S.C. §481(c) because Defendant AFGE maintains its headquarters in the District of Columbia.

## FACTS

**A.      The LMRDA and AFGE's Constitution**

7.      AFGE's Constitution requires the election of the National President, the National Secretary-Treasurer, and the National Vice President for Women and Fair Practices to be elected at a National Convention held every three years. [Complaint Exhibit 1 at 2-3].

8.      Each Local Union affiliated with AFGE is entitled to select a number of delegates to the national Convention based upon the size of its membership.  For example, a Local Union with

between 2,001 and 3,000 members is entitled to ten Convention delegates. [Complaint Exhibit 1 at 3].

9.      Local Union delegates and alternate delegates to the National Convention must be elected by secret ballot vote of Local Union members at least 30 days before the National Convention. [Complaint Exhibit 1 at 3-4].

10.      The Constitution contains the following provision concerning access to membership information by candidates for the positions of National President, National Secretary-Treasurer, and National Vice President for Women and Fair Practices:

> All declared candidates for national offices covered by this Part will be provided upon timely request the following information:
>
> (1)      A complete list of the names, business, and home addresses and business telephone numbers of the presidents, treasurers, and delegate(s) of each local participating in the election for which the candidacy has been declared.
> (2)      One set of mailing labels for the presidents, treasurers, and delegate(s) covered by subsection (1) above.
> Additional sets will be supplied each candidate upon written request.  Each candidate shall be charged for each additional set on an actual cost basis.
> (3)      A list of the locals and their voting strengths as established by the AFGE National Constitution.

[Complaint Exhibit 1 at 15-16].

11.      The current version of the AFGE Constitution contains no provision for the use of email to distribute campaign literature.

12.      The current version of the AFGE Constitution contains no provision permitting candidates for the positions of National President, National Secretary-Treasurer, and  National Vice President for Women and Fair Practices to contact by mail or email rank-and-file members who would elect and could influence the votes of delegates to the National Convention.

13.     The elected delegates to the Convention will elect the National President, the National Secretary-Treasurer, and the National Vice President for Women and Fair Practices.

**B.     Requests for Access to Email for Distribution of Campaign Literature**

14.     Plaintiff Hudson was elected National Secretary Treasurer of AFGE at its 2012 and 2015 Conventions for three year terms.

15.     In August 2016, NST Hudson declared that he would be a candidate at the 2018 Convention.  In December 2016 he announced that he would be a candidate for the position of National President, the position currently held by National President J. David Cox.

16.     On November 13, 2017, Plaintiff Duggins declared her candidacy for the office of National Secretary-Treasurer, the position currently held by NST Hudson. A true and correct copy of Ms. Duggins' declaration is attached hereto as Complaint Exhibit 2.

17.     Plaintiff Hudson and Plaintiff Duggins are running mates or slate mates in the campaign.

18.     The next AFGE Convention is scheduled to be held in August 2018.  Delegates to the 2018 Convention will elect a National President, a National Secretary Treasurer, and the National Vice-President for Women and Fair Practices.

19.     On or about January 17, 2017, Plaintiff Hudson requested that AFGE provide him access to membership email addresses.  On January 23, 2017, AFGE General Counsel David Borer denied the request.  He stated as follows:

> GCO has reviewed the request from NST Hudson for access to AFGE emails in connection with his declared candidacy for AFGE National President. The current policy of AFGE is to provide, per Appendix A, Part II, Section 4 (b) of the AFGE National Constitution, only the following:

(1) A complete list of the names, business, and home addresses and business telephone numbers of the presidents, treasurers, and delegate(s) of each local participating in the election for which the candidacy has been declared.

(2) One set of mailing labels for the presidents, treasurers, and delegate(s) covered by subsection (1) above. Additional sets will be supplied each candidate upon written request. Each candidate shall be charged for each additional set on an actual cost basis.
(3) A list of the locals and their voting strengths as established by the AFGE National Constitution.

Neither the Constitution nor AFGE policies adopted by the National Executive Council (NEC) mentions access to emails. Whenever a request for email access comes to the attention of GCO, we have declined such requests based on the silence of the above-cited Constitutional language with respect to emails. GCO has even gone so far as to retrieve immediately email lists that were erroneously provided to a candidate by AFGE staff.

Under the current policy and practice, email access for candidates to use in furtherance of their campaigns for AFGE office is not permissible. Unless and until the NEC issues a policy on this subject consistent with the Constitution and the law, or until the AFGE Convention adopts a new provision to the AFGE Constitution permitting such email access, such email access is not permissible.

Access via regular mail remains permissible, provided that each candidate is entitled to only one set of mailing labels free of charge, and must pay the cost of providing such labels for any additional sets of labels requested.

A true and correct copy of the email correspondence between NST Hudson's office and the Office of the General Counsel is attached hereto as Complaint Exhibit 3.

20.     AFGE routinely uses email to communicate with its membership. [Complaint Exhibit 4].

21.     When incumbent National Vice Presidents requested to use email to distribute campaign literature in advance of their May and June elections, AFGE adopted a policy permitting candidates to have access to AFGE's email system through a vendor, TrueBallot, Inc.  A true and correct copy of General Counsel Borer's April 4, 2017 Memorandum announcing a "Procedure to

5

Request Email Distribution of Campaign Literature" is attached hereto as Complaint Exhibit 5.

22.     Plaintiff Hudson and Plaintiff Duggins are willing to use and pay the reasonable cost of the system AFGE has contracted with to provide email distribution for candidates.

23.     On August 10, 2017, Justin Keating, counsel for Mr. Hudson, sent an email to General Counsel Borer asking how Mr. Hudson could use the AFGE email system for campaign purposes.  A true and correct copy of Justin Keating's email to General Counsel David Borer is attached hereto as Complaint Exhibit 6.

24.     General Counsel Borer did not respond to Mr. Keating's email.

25.     On August 16, 2017, Jonathan Axelrod, counsel to Mr. Hudson, wrote to General Counsel Borer requesting Mr. Hudson's access to the AFGE TrueBallot email system for campaign purposes.  A true and correct copy of Mr. Axelrod's August 16, 2017 letter is attached as Complaint Exhibit 7.

26.     On August 25, General Counsel Borer responded to Mr. Axelrod's letter as follows:

> As for his request for email access, as a candidate for office, we've never received such a request so far in advance of the election date.  As Mr. Hudson knows, we use a vendor to provide this service to candidates.  We have contacted the vendor about setting up the process for the elections that will be held at the 2018 AFGE Convention.  As soon as we work out those details we will notify your client and any other candidates.

A true and correct copy of General Counsel Borer's August 25, 2017 email is attached hereto as Complaint Exhibit 8.

27.     Mr. Axelrod responded the same day, expressing the hope that AFGE would "make arrangements for email reasonably soon."  A true and correct copy of Mr. Axelrod's August 25 email is attached as Complaint Exhibit 9.

28.     On November 3, 2017, Mr. Axelrod wrote to General Counsel Borer as follows: "When will AFGE advise us when and how Mr. Hudson can obtain email lists for his campaign? We have waited months since [our] last request."  A true and correct copy of Mr. Axelrod's November 3, 2017 email is attached hereto as Complaint Exhibit 10.

29.     General Counsel Borer did not respond to Mr. Axelrod's November 3 email.

30.     On November 13, 2017, Plaintiff Duggins declared her candidacy for the office of National Secretary-Treasurer and requested access to the AFGE email system for campaign purposes. [Complaint Exhibit 2].

31.     AFGE has not responded to Ms. Duggins' request.

32.     On November 14, 2017, Mr. Axelrod spoke by telephone with General Counsel Borer.  During their discussion, Mr. Axelrod asked when Mr. Hudson would be given access to the AFGE email system for campaign purposes.  General Counsel Borer replied that because the election would take place at the Convention Mr. Hudson could not use the email system until all delegates had been elected/selected.  General Counsel Borer said that he could not send email to all members or a selected group of members.

33.     The next day, Mr. Axelrod sent an email to General Counsel Borer asking him to confirm or correct Mr. Axelrod's understanding of their conversation.  A true and correct copy of Mr. Axelrod's November 15, 2017 email to General Counsel Borer is attached hereto as Complaint Exhibit 11.

34.     General Counsel Borer has not responded to Mr. Axelrod's email.

## COUNT 1

### VIOLATION OF LANDRUM-GRIFFIN RIGHTS

35.     The allegations in paragraphs 1 through 34 of the Complaint are incorporated by reference.

36.     The Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §481(c), states as follows:

> Every national or international labor organization, . . . and every local labor organization, and its officers, shall be under a duty, enforceable at the suit of any bona fide candidate for office in such labor organization in the district court of the United States in which such labor organization maintains its principal office, <u>to comply with all reasonable requests of any candidate to distribute by mail or otherwise at the candidate's expense campaign literature in aid of such person's candidacy to all members in good standing of such labor organization.</u> [emphasis supplied].

37.     Included in the right to distribute literature is the right to utilize a union's email distribution system.  *Dimondstein v. American Postal Workers Union*, 964 F. Supp.2d 37 (D. D.C. 2013).

38.     The United States Department of Labor's Office of Labor-Management Standards published on its website a list of Frequently Asked Questions.  One question concerns the right to distribute literature by email:

> Q9. Can a union be required to distribute a candidate's campaign literature to members via e-mail, as opposed to using their postal address?

> A9. Other than by mail, there is no prescribed manner in which unions must distribute campaign literature. Likewise, unions are not required to provide candidates access to all methods of distribution that may be available to the union. Generally, if the candidate's request for an alternative method of distributing campaign literature is a reasonable one, the union is required to make the distribution. Accordingly, OLMS advises unions to comply with a candidate's reasonable request to distribute campaign literature to the membership through e-mail

8

if the union uses e-mail to disseminate Information to its members.

A true and correct copy of the Department of Labor's FAQ is attached hereto as Complaint Exhibit 12. *See* U.S. Department of Labor, Office of Labor-Management Standards (OLMS), Frequently Asked Questions (FAQs) Concerning Union Officer Elections, http://www.dol.gov/olms/regs/compliance/Electionsfaqgen.htm.

39.     Accordingly, during the election of National Vice Presidents during the spring and summer of 2016, AFGE created a procedure for candidates seeking to distribute campaign literature by email.  Candidates for National Vice President positions were permitted to, and did, use the AFGE TrueBallot system to distribute email to their constituents.

40.     AFGE has denied candidates Hudson and Duggins access to the AFGE TrueBallot email system.

41.     The Department of Labor's Rules and Regulations state as follows:

§452.68 **Distribution to less than full membership**.  Although section 401(c) specifies distribution to ''all members in good standing,'' a labor organization must also honor requests for distribution of literature to only a portion of the membership if such distribution is practicable.  Each candidate may choose his own ways of campaigning for election according to his own ingenuity and resources.  For example, some candidates for national or international union office may desire to limit distribution to delegates, but others may want to appeal directly to the membership or parts thereof in an effort to influence particular constituencies to choose delegates favorable to their candidacy. [Emphasis supplied]

29 U.S.C. §452.68.

42.     The requests made by Plaintiff Hudson and by Plaintiff Duggins were reasonable under the circumstances.

43.     Distribution of campaign literature to influence the election of delegates to the National Convention is a reasonable campaign tactic.

44.     Distribution of campaign information to the rank-and-file membership is also a legitimate and reasonable way to request campaign contributions from the membership.

45.     General Counsel Borer's refusals to permit candidate Hudson to distribute campaign literature through the TrueBallot system until after the election of all Convention delegates violated the LMRDA.

46.     Provisions in AFGE's Constitution which prohibit the distribution of campaign literature until after the selection of all Convention delegates also violates LMRDA.

## RELIEF REQUESTED

Plaintiffs requests that the Court:

1.     Conclude that AFGE violated their rights as a candidate for AFGE office to distribute campaign literature to the membership;

2.     Direct AFGE to grant access to the TrueBallot email system for distribution of campaign literature to the membership or selected groups of members.

3.     Direct AFGE to pay Plaintiffs' costs and reasonable legal fees.

4.      Award such other legal and equitable relief as it deems just and proper.

Respectfully submitted,
 /s/ Jonathan Axelrod
Jonathan G. Axelrod (D C Bar No. 210245)
Justin P. Keating (D.C. Bar. No. 475602)
Beins Axelrod, P.C.
1030 15th Street, NW
Washington, DC 20005
telephone:      (202) 328-7222
telecopier:     (202) 328-7030
jaxelrod@beinsaxelrod.com
Jkeating@beinsaxelrod.com

Counsel for Plaintiffs Eugene Hudson, Jr., and Dana
Duggins

Dated: November 28, 2017

11